UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
ANITRA KNOX                   :    Civ. No. 3:12CV01741(SALM)
                              :
v.                            :
                              :
UNITED STATES                 :    March 30, 2016
                              :
------------------------------x
```

### ORDER ON MOTION IN LIMINE [Doc. #58]

Pending before the Court is the motion of defendant United States seeking to preclude plaintiff Anitra Knox's ("plaintiff") proffered expert from testifying at trial. [Doc. #58]. The plaintiff's response to this motion was due on March 22, 2016. The Court, having received no objection to the United States' motion, and for the reasons articulated below, **GRANTS** the United States' Motion in Limine to Exclude Expert Witness. **[Doc. #58].**

### BACKGROUND

Plaintiff brings this personal injury action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§1346(b), 2671, et seq. Plaintiff alleges that she slipped and fell at the West Haven Veterans Administration Hospital, and as a result, sustained injuries. Plaintiff filed her complaint on December 12, 2012. [Doc. #1]. On July 3, 2013, the parties filed their Rule 26(f) Report of Parties' Planning Meeting. [Doc. #13]. In that report, plaintiff represented that she "may call expert witnesses at trial[,]" and that she would "designate all trial experts and

1

provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. [P.] 26(a)(2) by October 1, 2013." Id. at 6. On July 17, 2013, Judge Donna F. Martinez entered a Case Management Order, which orders, in pertinent part:

> **5. Discovery Relating to Expert Witnesses**: An expert witness is anyone, including a treating physician, who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Unless otherwise ordered, a party intending to call such a witness must disclose a report signed by the witness containing the information required to be disclosed by Fed. R. Civ. P. 26(a)(2)(B). All such expert reports will be disclosed by plaintiff on or before **December 1, 2013**, and any such experts will be deposed on or before **January 1, 2014**. All such expert reports will be disclosed by defendant on or before **February 1, 2014**, and any such experts will be deposed by **March 1, 2014**.

[Doc. #15 at 2]. Counsel were directed to provide a copy of this Order to their clients. [Doc. #15 at 5]. The Case Management Order further cautions counsel "that all deadlines and court orders must be followed." [Doc. #15, endorsement].

Following the entry of this Case Management Order, the parties filed a total of seven (7) motions to extend certain pre-trial deadlines, all of which were granted by Judge Martinez. See Doc. #22, 23, 24, 25, 26, 27, 30, 31, 33, 34, 36, 37, 39, 40. Notably, none of these motions sought an extension of the deadline by which plaintiff was to make her expert disclosures. Discovery closed on February 16, 2015. [Doc. #27]. On August 31, 2015, plaintiff's counsel disclosed an August 30, 2015, report of Dr. Jonathan N. Grauer, M.D., to counsel for the United States via

2

email. [Doc. #58-2]. On March 1, 2016, plaintiff filed her Disclosure of Expert, which identifies Dr. Grauer as plaintiff's expert witness. [Doc. #56]. A bench trial is scheduled before the undersigned on May 12 and 13, 2016. [Doc. #63].

## DISCUSSION

Federal Rule of Civil Procedure 26(a)(2)(D) provides: "A party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Here, Judge Martinez's Case Management Order required that plaintiff disclose her expert witnesses on or before December 1, 2013. [Doc. #15 at 2]. Not only did plaintiff fail to disclose her expert within the time mandated by the Case Management Order, she also failed to do so before the close of discovery on February 16, 2015. Indeed, it appears from the docket that no such formal disclosure was made until earlier this month, on March 1, 2016. [Doc. #59].[1] Leave was neither sought, nor granted, for plaintiff to disclose her expert beyond the deadline set by Judge Martinez.

In assessing whether to preclude an expert's testimony or report, the Court considers the following factors: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded

---

[1] Rule 26(a)(2)(D)(i) also provides that expert disclosures must be made at least 90 days prior to the trial date. Here, the expert witness disclosure was made on the docket less than 90 days before the trial date, providing another basis for exclusion of expert testimony from this witness.

3

witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 961 (2d Cir. 1997) (citing Outley v. City of New York, 837 F.2d 587, 590-91 (2d Cir. 1988)).

Here, the Court finds that three of these factors weigh in favor of precluding Dr. Grauer's expert testimony. Plaintiff has failed to proffer any explanation for the failure to comply with Judge Martinez's Case Management Order. Although Dr. Grauer's testimony is undoubtedly important to plaintiff's case,[2] allowing Dr. Grauer to testify as an expert would be prejudicial to the United States, which has not had an opportunity to depose Dr. Grauer.[3] Further, the Court will not entertain the possibility of a continuance. This case is over three years old and is set for trial in less than two months' time. The Court will not permit any further delays in bringing this matter to a resolution. Indeed, it

---

[2] The Court notes that Dr. Grauer reports that his last visit with the plaintiff prior to his report was May 3, 2015, and he declines to comment on a number of issues such as the likely costs of future treatment. [Doc. #58-2 at 3-4]. Further, in response to counsel's inquiry regarding a causal connection between the fall at the VA and the injuries, Dr. Grauer states only that the onset of symptoms is "temporally linked" to the fall. [Doc. #58-2 at 4]. These issues diminish the value of the report to the plaintiff's case, and thus diminish the weight of this factor in the Court's analysis of the merits of admitting the testimony.

[3] The United States has listed in the Pretrial Memorandum an expert witness, Dr. Matthew Skilnick, as an expected witness at trial. As no motion in limine has been filed by the plaintiff regarding this witness, the Court assumes that Dr. Skilnick was properly disclosed.

would be highly prejudicial and a waste of judicial resources to reopen discovery at this late date. See Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless.").

This Court has the authority to manage its docket by, among other things, setting and enforcing deadlines. The plaintiff has failed to comply with the Court-imposed deadlines for the disclosure of expert witnesses, providing notice of this proposed expert witness a full **27 months** after the December 2013 deadline. Accordingly, for the reasons stated, the plaintiff's Motion in Limine to Exclude Expert Witness is **GRANTED**, absent objection. **[Doc. #58]**. See Hunt v. CNH Am. LLC, 511 F. App'x 43, 45 (2d Cir. 2013) (affirming exclusion of a late-filed supplemental expert report that was disclosed "after the close of expert discovery and without any request for an extension of the deadline[]"); Derisme v. Hunt Leibert Jacobson, P.C., No. 3:10CV244(VLB), 2011 WL 5403056, at *2 (D. Conn. Nov. 8, 2011) (granting motion to preclude party from identifying an expert after the expert discovery deadline).

The Court hereby precludes Dr. Grauer from offering any expert testimony (as defined in Federal Rules of Evidence) at trial. Dr. Grauer may testify as a fact witness only if, and to

the extent, such testimony is admissible under the Federal Rules of Evidence.

    SO ORDERED at New Haven, Connecticut this 30th day of March, 2016.

```
                        /s/
            HON. SARAH A. L. MERRIAM
            UNITED STATES MAGISTRATE JUDGE
```